Jeffrey R. Hall (9573)
Scot L. Shirey (015326)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:  (702) 385-2086
jhall@hutchlegal.com
sshirley@hutchlegal.com

GUNDERSON LAW FIRM
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
John R. Funk, Esq.
Nevada State Bar No. 12372
jfunk@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone:  775.829.1222

*Attorneys for the Crawfords*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re | Chapter 7 |
| GREGORY E. CRAWFORD & TORREY CRAWFORD, | No. BK-25-50104-HLB |
| Debtors, | Adv. Proc. 25-05017-HLB |
| _____/ | |
| ALLIANCE TRUST COMPANY, LLC, a Nevada limited liability company, | **ANSWER** |
| vs. | |
| GREGORY E. CRAWFORD & TORREY CRAWFORD, husband and wife, Nevada residents | |
| _____/ | |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

Debtors GREGORY E. CRAWFORD ("Crawford") and TORREY CRAWFORD (together with Crawford, the Crawfords"), by and through their counsel of record, answer the *Complaint to Determine Debt Nondischargeable* ("Complaint") filed by ALLIANCE TRUST COMPANY, LLC, a Nevada limited liability company ("Alliance"), as follows:

1. The Crawfords deny the allegations set forth in Paragraph 1 of the Complaint.

2. The Crawfords admit the allegations set forth in Paragraphs 2 and 3 of the Complaint.

3. The Crawfords deny the allegations set forth in Paragraph 4 of the Complaint.

4. The Crawfords admit that Justice Becker entered *Findings of Fact, Conclusions of Law & Award* on November 8, 2023 (the "Award").  The Crawfords deny all other allegations set forth in Paragraph 5 of the Complaint.

5. The Crawfords admit that the Award was confirmed by the Hon. Lynne Jones of the Second Judicial District Court in and for the County of Washoe, State of Nevada, on November 13, 2024.  The Crawfords deny all other allegations set forth in Paragraph 6 of the Complaint.

6. The Crawfords admit that judgment was entered on December 12, 2024, in favor of Alliance and against Crawford in the Prepetition Litigation.  The Crawfords deny all other allegations set forth in Paragraph 7 of the Complaint.

7. The Crawfords deny the allegations set forth in Paragraph 8 of the Complaint.

8. The Crawfords admit the allegations set forth in Paragraph 9 of the Complaint.

9. The Crawfords deny the allegations set forth in Paragraphs 10 through 12 of the Complaint.

10. The Crawfords admit the allegations set forth in Paragraphs 13 through 16 of the Complaint.

11. The Crawfords admit the allegations set forth in Paragraph 17 of the Complaint.

12. The Crawfords deny the allegations set forth in Paragraph 18 of the Complaint as incomplete and inaccurate summaries of certain provisions of Alliance's Operating Agreement.

13. The Crawfords lack personal knowledge regarding the allegations set forth in Paragraph 19 of the Complaint and therefore deny.

14. The Crawfords admit the allegations set forth in Paragraph 20 of the Complaint.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

15. The Crawfords admit that, after the third comanager left Alliance, he was not replaced. Instead, pursuant to the Operating Agreement, Crawford and Damiens were the co-managers of Alliance. The Crawfords deny all other allegations set forth in Paragraph 21 of the Complaint.

16. The Crawfords lack personal knowledge regarding the allegations set forth in Paragraphs 22 through 24 of the Complaint and therefore deny.

17. The Crawfords admit the allegations set forth in Paragraph 25 of the Complaint.

18. The Crawfords deny the allegations set forth in Paragraph 26 of the Complaint.

19. The Crawfords lack personal knowledge regarding the allegations set forth in Paragraph 27 of the Complaint and therefore deny.

20. The Crawfords deny the allegations set forth in Paragraph 28 and 29 of the Complaint.

21. The Crawfords admit the allegations set forth in Paragraphs 30 and 31 of the Complaint.

22. The Crawfords deny the allegations set forth in Paragraph 32 of the Complaint.

23. The Crawfords admit the allegations set forth in Paragraph 33 through 36 of the Complaint.

24. The Crawfords deny the allegations set forth in Paragraph 37 and 38 of the Complaint.

25. The Crawfords admit the allegations set forth in Paragraph 39 of the Complaint.

26. The Crawfords deny the allegations set forth in Paragraph 40 of the Complaint.

27. The Crawfords admit that neither Crawford nor Brown wanted Robinson to be elected as a co-manager, and that Crawford and Brown voted for Les Revzon. The Crawfords deny the other allegations set forth in Paragraph 41 of the Complaint.

28. The Crawfords deny the allegations set forth in Paragraph 42 of the Complaint.

29. The Crawfords admit the allegations set forth in Paragraph 43 through 45 of the Complaint.

30. The Crawfords admit that, on December 22, 2020, Crawford declared a member distribution in the total amount of $700,000. The Crawfords deny all other allegations set forth in Paragraph 46 of the Complaint.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

31. The Crawfords admit that Crawford caused cashier's checks to be issued in the following amounts: $442,135.40 to himself; $165,860.63 to Robinson; and $92,003.97 to Brown. The Crawfords deny all other allegations set forth in Paragraph 47 of the Complaint.

32. The Crawfords deny the allegations set forth in Paragraph 48 through 51 of the Complaint.

33. The Crawfords admit the allegations set forth in Paragraph 52 of the Complaint.

34. The Crawfords deny the allegations set forth in Paragraph 53 of the Complaint.

35. The Crawfords admit the allegations set forth in Paragraph 54 of the Complaint.

36. The Crawfords deny the allegations set forth in Paragraph 55 of the Complaint.

37. The Crawfords admit the allegations set forth in Paragraph 56 of the Complaint.

38. The Crawfords admit that Alliance sought and was granted a temporary restraining order. The document speaks for itself. The Crawfords deny all other allegations set forth in Paragraph 57 of the Complaint.

39. The Crawfords admit the allegations set forth in Paragraph 58 of the Complaint

40. The Crawfords admit that Crawford withdrew as a member of Alliance on August 12, 2021, and that Justice Becker later recognized the withdrawal. The Crawfords deny all other allegations set forth in Paragraph 59 of the Complaint.

41. The Crawfords deny the allegations set forth in Paragraphs 60 through 63 of the Complaint.

42. The Crawfords admit the allegations set forth in Paragraph 64 of the Complaint.

43. The Crawfords deny the allegations set forth in Paragraph 65 of the Complaint.

44. The Crawfords admit the allegations set forth in Paragraph 66 of the Complaint.

45. The Crawfords deny the allegations set forth in Paragraph 67 of the Complaint.

46. The Crawfords admit the allegations set forth in Paragraphs 68 through 73 of the Complaint.

47. The Crawfords deny the allegations set forth in Paragraph 74 of the Complaint.

48. The Crawfords admit the allegations set forth in Paragraphs 75 through 78 of the Complaint.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-4-

49. The Crawfords deny the allegations set forth in Paragraph 79 of the Complaint.

50. The Crawfords admit the allegations set forth in Paragraph 80 of the Complaint.

51. The Crawfords deny the allegations set forth in Paragraphs 81 and 82 of the Complaint.

52. The Crawfords admit the allegations set forth in Paragraph 83 of the Complaint.

53. The Crawfords deny the allegations set forth in Paragraph 84 of the Complaint.

54. The Crawfords admit the allegations set forth in Paragraph 85 of the Complaint.

55. The Crawfords deny the allegations set forth in Paragraphs 86 through 113 of the Complaint.

56. The Crawfords admit the allegations set forth in Paragraph 114 of the Complaint.

57. The Crawfords deny the allegations set forth in Paragraphs 115 and 116 of the Complaint.

58. The Crawfords admit that Justice Becker conducted a two-week arbitration hearing between December 5 and December 16, 2022. The Crawfords deny the other allegations set forth in Paragraph 117 of the Complaint.

59. The Crawfords admit that Justice Becker rendered a partial oral ruling on March 14, 2023. The transcript of that proceeding speaks for itself. The Crawfords deny the other allegations set forth in Paragraph 118 of the Complaint.

60. The Crawfords deny the allegations set forth in Paragraph 119 of the Complaint.

61. The transcript of the March 14, 2023, proceeding speaks for itself. The Crawfords deny the allegations set forth in Paragraphs 120 and 121 of the Complaint as incomplete and inaccurate summaries of that proceeding.

62. The Crawfords admit the allegations set forth in Paragraphs 122 through 124 of the Complaint.

63. The Crawfords deny the allegations set forth in Paragraphs 125 through 128 of the Complaint.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

64. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraphs 129 and 130 of the Complaint. The Crawfords therefore deny those allegations.

65. The Crawfords deny the allegations set forth in Paragraph 131 of the Complaint.

66. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraphs 132 through 134 of the Complaint. The Crawfords therefore deny those allegations.

67. The Crawfords deny the allegations set forth in Paragraphs 135 through 143 of the Complaint.

68. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraphs 144 through 146 of the Complaint. The Crawfords therefore deny those allegations.

69. The Crawfords deny the allegations set forth in Paragraph 147 of the Complaint.

70. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraph 148 of the Complaint. The Crawfords therefore deny those allegations.

71. The Crawfords deny the allegations set forth in Paragraphs 149 through 158 of the Complaint.

72. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraphs 159 and 160 of the Complaint. The Crawfords therefore deny those allegations.

73. The Crawfords deny the allegations set forth in Paragraphs 161 through 170 of the Complaint.

74. The Crawfords lack personal knowledge concerning the conclusory legal arguments set forth in Paragraph 171 of the Complaint. The Crawfords therefore deny those allegations.

75. The Crawfords admit the allegations set forth in Paragraphs 172 though 175 of the Complaint.

76. To the extent any allegations set forth in the Complaint are not specifically addressed in this Answer, such allegations are denied.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs have failed to exhaust their statutory remedies.

3. Plaintiffs have failed to comply with the prelitigation statutory requirements.

4. Plaintiffs' claims are not ripe for adjudication.

5. Plaintiffs' claims are barred by the doctrine of unclean hands.

6. Plaintiffs have failed to mitigate their damages.

7. All actions taken by the Crawfords were proper, just, fair, privileged, with good cause, for full and fair consideration, in good faith, and without malice.

8. The debts identified in the Complaint are dischargeable, including attorneys fees and costs award.

9. Any damages allegedly incurred by Plaintiff were not the result of an intentional desire to harm by the Crawfords.

10. Plaintiff is not entitled to entitled to fees from the prosecution of this action.

11. The Crawfords reserve the right to assert additional affirmative defenses after further investigation and discovery.

WHEREFORE, the Crawfords pray for relief as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That Plaintiffs' Complaint be dismissed with prejudice;

////
////
////
////
////
////
////
////
////

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

3. That the Crawfords be awarded their reasonable attorneys' fees and costs of suit; and

4. Such further relief as the Court deems proper.

Dated this 26th day of June, 2025.

          HUTCHISON & STEFFEN, PLLC

          */s/ Jeffrey R. Hall*

          _____
          Jeffrey R. Hall (9572)
          Scot L Shirley (015326)
          10080 W. Alta Drive, Suite 200
          Las Vegas, Nevada 89145

          GUNDERSON LAW FIRM
          Austin K. Sweet, Esq.
          Nevada State Bar No. 11725
          asweet@gundersonlaw.com
          John R. Funk, Esq.
          Nevada State Bar No. 12372
          jfunk@gundersonlaw.com
          3895 Warren Way
          Reno, Nevada 89509
          Telephone: 775.829.1222

          *Attorneys for the Crawfords*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-8-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of June, 2025, a copy of the foregoing document entitled: *Answer to Complaint* was served by Personally transmitting a copy of same via the Court's CM/ECF Internet system to their respective registered email site.

*/s/ Bobbie Benitez*

An employee of Hutchison & Steffen, PLLC

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-